# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Crim. No. 11-133 |
| ) | |
| EDWARD LEONARD FINLEY HILTS ) | |
| Defendant. ) | |

AMBROSE, Senior U.S. District Judge

## FINDINGS OF FACT

## and

## CONCLUSIONS OF LAW

## and

## ORDER OF COURT

After a hearing on Defendant's Motion to Suppress Statements and Physical Evidence, the court makes the following:

## FINDINGS OF FACT

1. Defendant was arrested pursuant to a federal arrest warrant at the Pittsburgh International Airport on October 1, 2009 at 11:40 pm by FBI agents and officers from the Pittsburgh High Tech Crimes Task Force.

2. Defendant had deplaned on a flight from California. He was observed by law enforcement exiting the plane and proceeding to the baggage claim.

3. Defendant was carrying one bag and, after retrieving a second bag from the baggage claim area, was approached by officers, told he was under arrest, and led to a more remote area of the airport. The bags were then taken from Defendant by the officers.

4. Defendant was handcuffed, led outside the door, and taken to the nearby Allegheny Police Department station which was located right outside the airport exit doors.

5. Neither Defendant nor the officers caused disruption and there was minimal impact on others who were in the airport.

6. As Defendant was walked to the station, he was told that there would be no questions asked of him before they reached the station.

7. At the station, Defendant was taken to an interview room where he was uncuffed. After insuring his identity, FBI Special Agent Frankhouser presented Defendant with an Advice of Rights form. The form contained what are commonly referred to as Miranda rights. The agent read the form to Defendant, who indicated that he understood the form. Defendant then voluntarily signed the form.

8. Shortly thereafter, the agent presented Defendant with a Consent to Search form requesting Defendant's consent to search Defendant's computer, which was allegedly used by Defendant in connection with the crimes charged against him. Defendant voluntarily signed the Consent to Search form.

9. Defendant was cooperative throughout the relevant events. Defendant never asked to conclude the interview or for an attorney.

10. There were no raised voices during the conversation between Defendant and the officers. Defendant was given water and asked for nothing else.

11. Defendant represented that he was a college graduate who had owned and sold several businesses.

## **CONCLUSIONS OF LAW**

1. Defendant was fully advised of his Miranda rights before he waived them.

2. Defendant was fully advised of his rights with respect to a consent to search his computer before he waived them.

3. Defendant's statements and consent to search made after waiver, were voluntary, knowing, and intelligent under the Fourth and Fifth Amendments to the U.S. Constitution.

4. The totality of the circumstances of Defendant's waivers, as presented by the testimony of Special Agent Frankhouser, demonstrate that Defendant intelligently and voluntarily relinquished rights of which he had been made aware.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | Crim. No. 11-133 |
| EDWARD LEONARD FINLEY HILTS | ) | |
| Defendant. | ) | |

AMBROSE, Senior U.S. District Judge

## ORDER OF COURT

AND NOW, this 2nd day of April, 2014, Defendant's Motion to Suppress Statements and Physical Evidence is denied.

BY THE COURT:

*Donetta F. Ambrose*
Donetta W. Ambrose
Senior U.S. District Court Judge