IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) | |
| --- | --- | --- |
| | ) | CR 11-133 |
| v. | ) | |
| | ) | |
| EDWARD LEONARD FINLEY HILTS | ) | |

**OPINION AND ORDER**

**SYNOPSIS**

On June 18, 2014, a jury convicted Defendant of four counts, of coercion and enticement, travel with intent to engage in illicit sexual conduct, transportation of child pornography, and possession of child pornography, in violation of 18 U.S.C. §§ 2422(b), 2423(b), 2252(a)(1), and 2252(a)(4)(B). On December 10, 2014, Defendant was sentenced to a total term of imprisonment of 324 months, followed by a life term of supervised release. In a non-precedential Opinion filed December 3, 2015 ("Ct. App. Opinion"), a panel of the Court of Appeals for the Third Circuit affirmed his conviction and sentence. On December 7, 2015, Defendant filed a Motion to Vacate pursuant to 28 U.S.C. § 2255, arguing various instances of ineffective assistance of counsel. That Motion was assigned to civil docket No. 16-1826. The Court issued notice pursuant to United States v. Miller, 197 F.3d 644 (3d Cir. 1999). Defendant responded with a formal notice stating his intention to proceed with his Motion as filed. Then, on November 7, 2017, following several extensions of time, Defendant filed another lengthy Motion to Vacate. That Motion was assigned to civil docket No. 17-1453.

By Opinion and Order dated April 26, 2018 ("April 26 Order), after Defendants' Motions had been fully briefed, the Court denied both Motions. Defendant filed a "motion for

1

clarification" with the Court of Appeals, which the Court of Appeals construed as a request for a certificate of appealability of this Court's April 26 Order. By Order dated November 21, 2018, The Court of Appeals denied Defendant's request, finding as follows:

> [R]easonable jurists would not debate the District Court's conclusion that Appellant's claims raised in his "first 2255 motion," including his claims of ineffective assistance of counsel, are meritless….[J]urists of reason would not debate that the claims in [Defendant's Motion filed at 17-1453] were either time-barred…or failed to state a valid claim for the denial of a constitutional right. Before the Court is Defendant's Motion pursuant to Fed. R. Civ. P. 60(b)(6).

For the following reasons, Defendant's Motion will be denied.

**OPINION**

**I.  SECOND OR SUCCESSIVE PETITION**

First, I will consider whether Defendant's Motion is a "true" Rule 60 motion, or instead a "disguised" second or successive Section 2255 petition. Gonzalez v. Crosby, 545 U.S. 524, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005). If it qualifies as the latter, the request for relief is subject to 28 U.S.C. § 2255(h), which requires certification from the Court of Appeals. A Rule 60(b) Motion in this context is not a "true" Rule 60 motion if the movant is "'seek[ing] vindication of' or 'advanc[ing]' a claim by taking steps that lead inexorably to a merits-based attack on the prior dismissal of his habeas petition.'" Taylor v. Wetzel, No. 4-553, 2014 U.S. Dist. LEXIS 146782, at **17-18 (M.D. Pa. Oct. 15, 2014) (quoting Post v. Bradshaw, 422 F.3d 419, 424-25 (6th Cir. 2005)).

As our Court of Appeals has stated:

> [I]n those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

2

Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004).

In the present case, Defendant's Motion is based on his assertion that counsel was ineffective because "he failed to read the charging statute to discover if it criminalized the alleged conduct that Mr. Hilts was accused of." In terms of this alleged error, Defendant asserts that he "was then deprived of an opportunity to raise this plain error in direct appeal because it was caused by counsel error," because of the "Lower Court's belief that the Massaro holding forbids the raising of an ineffective assistance of counsel claim in direct appeal." He also indicates that because he did not have counsel to assist him in bringing his ineffective assistance claim in his initial Section 2255 Motion, he was deprived of a meaningful opportunity to raise his present claim.

Although Defendant couches his claim in terms that superficially implicate the Section 2255 process, he does not attack a defect in the proceeding. There is no absolute constitutional right to counsel in a Section 2255 proceeding. Donna v. United States, No. 10-1607, 2011 U.S. Dist. LEXIS 9142, at *24 (D.N.J. Jan. 31, 2011). Defendant also suggests that courts have ignored the principle that some ineffective assistance claims may be raised on direct review, as enunciated in Massaro v. United States, 538 U.S. 500 (2003). This, he asserts, somehow prevented him from raising his present claim. It is true, however, that "[w]ith respect to allegations of ineffective assistance of counsel, such arguments are properly raised under § 2255 rather than on direct appeal." United States v. Mompremier, No. 2014-19, 2018 U.S. Dist. LEXIS 169298, at *4 (D.V.I. Sep. 24, 2018). Defendant's Motion simply does not raise a challenge to the manner in which his Section 2255 judgment was procured.

Instead, the kernel of Defendant's challenge is that trial counsel failed to investigate whether the charging statute actually criminalized Defendant's alleged conduct. Accordingly,

3

the Motion seeks to collaterally attack his underlying conviction and is properly viewed as a second or successive habeas petition. Again, Defendant filed a Section 2255 Motion raising numerous alleged instances of ineffective assistance of counsel. He received Miller notice. He subsequently filed an additional or supplemental Section 2255 Motion. The Court of Appeals denied a certificate of appealability from this Court's Order denying his Section 2255 claims. Defendant's Motion will be denied pursuant to Section 2255(h), without prejudice to Defendant to seek the appropriate certification from the Court of Appeals.

## II.     RULE 60

For purposes of completeness, I note that even if Defendant's Motion were considered a "true" Rule 60 Motion, the Motion would fail.[1]

Pursuant to Rule 60(b)(6), a party may seek relief from any final judgment, order, or proceeding for "any...reason that justifies relief." A "movant under Rule 60(b) bears a heavy burden," and Rule 60(b) motions are deemed to request "extraordinary relief which should be granted only where extraordinary justifying circumstances are present." Oat v. Sewer Enters., 584 F. App'x 36, 41 (3d Cir. 2014). Accordingly, our Court of Appeals has warned that "courts are to dispense their broad powers under 60(b)(6) only in 'extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur.'" Cox v. Horn, 757 F.3d 113, 120 (3d Cir. 2014). "[C]ourts must heed the Supreme Court's observation...that Rule 60(b)(6) relief in the habeas context...will be rare." Id. at 125. "[R]elief under Rule 60(b) is available only under such circumstances that the 'overriding interest in the finality and repose of judgments may properly be overcome.'" Harris v. Martin, 834 F.2d 361, 364 (3d Cir. 1987).

---

[1] I need not consider Defendant's argument regarding Martinez v. Ryan, 566 U.S. 1 (2012), raised in an effort to overcome procedural default. See Duka v. United States, No. 13-3666, 2019 U.S. Dist. LEXIS 100811, at *8 (D.N.J. June 12, 2019) (finding Martinez inapplicable to Rule 60(b)(6) Motion deemed second or successive Section 2255 petition, that did not assert a change in the law). I issue no ruling on default grounds.

4

Hence, claims "of dubious merit that only weakly establish ineffective assistance by trial … counsel" do not warrant relief under Rule 60(b)(6). See id. at 125.

Defendant's claim centers on his assertion that his conduct did not violate the statutes under which he was convicted, and counsel's responsibility therefor. He does not now challenge this Court's instructions to the jury that heard the evidence during a multi-day trial, and issued a verdict of guilty. In other words, a jury considered evidence of his conduct and concluded that it did violate the statutes of conviction. As the Court of Appeals observed:

> [T]he trial evidence as a whole, strongly support[s] the conclusion that the jury…concluded that [Defendant] planned to engage…in sexual acts, as defined in § 2246…[T]he District Court properly instructed the jury on the elements of the travel count [18 U.S.C. § 2423]…and we simply cannot conclude that the jury misunderstood its task.

Ct. App. Opinion, p. 11.

Defendant's claim that counsel failed to "read the charging statute to discover if it criminalized" his conduct is of dubious merit, and cannot be deemed an "extraordinary circumstance" warranting Rule 60(b)(6) relief. Moreover, to the extent that his Rule 60 claim overlaps or encompasses those raised in his Section 2255 proceeding, those claims have been fully and finally adjudicated, and will not be revisited.[2]

---

[2] To the extent that I am required to consider whether a certificate of appealability should issue, none shall issue. Under 28 U.S.C.§ 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right"; Defendant has not made such a showing.

## CONCLUSION

For the foregoing reasons, Defendant's Motion is denied. An appropriate Order follows.

BY THE COURT:

_/s/ Donetta W. Ambrose_

Donetta W. Ambrose
Senior Judge, U.S. District Court

Dated: December 18, 2019

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) | |
| --- | --- | --- |
| | ) | CR 11-133 |
| v. | ) | CV 16-1826, 17-1453 |
| | ) | |
| EDWARD LEONARD FINLEY HILTS | ) | |

**ORDER**

AND NOW, this _____ day of December, 2019, Defendant's Motion for Relief from Final Judgment is DENIED.

                                                BY THE COURT:

                                                _____

                                                Donetta W. Ambrose
                                                Senior Judge, U.S. District Court