IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **CRIMINAL NO. 11-133** |
| EDWARD HILTS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

AMBROSE, United States Senior District Judge

**MEMORANDUM ORDER OF COURT**

**I. Introduction**

Defendant has filed a *pro se* Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF 181). Following appointment of counsel, he filed an additional counseled Motion (ECF 193).  Both Motions seek compassionate release for "extraordinary and compelling reasons" pursuant to the First Step Act, 18 U.S.C. 3582(c)(1)(A)(i). The Defendant urges that he satisfies the "extraordinary and compelling reasons" requirement both because of his medical conditions and because of family concerns. The Government disputes that the Defendant's Motion is ripe for consideration, rejects the assertion that the Defendant has demonstrated "extraordinary and compelling reasons" and urges that the Defendant remains a danger to the community and that the factors identified in 18 U.S.C. § 3553(a) mandate a denial of the Motion. After careful consideration of the submissions, and for the reasons set forth below, the Motion is denied.

**II. Background**

A federal grand jury returned a four-count Indictment against the Defendant for: coercion and enticement of a minor to engage in illegal sexual activity, on or about February 10, 2009 to on or about October 1, 2009, in violation of 18 U.S.C. § 2442(b); travel with intent to engage in

illicit sexual conduct on or about October 1, 2009, in violation of 18 U.S.C. § 2423(b); transportation of child pornography on or about October 1, 2009, in violation of 18 U.S.C. § 2252(a)(1); and possession of child pornography on October 1, 2009, in violation of 18 U.S.C. § 2552(a)(4)(B). (ECF 44) A jury convicted the Defendant on all counts on June 18, 2014. (ECF 107) This Court sentenced the Defendant on December 11, 2014 to 324 months at Counts 1 and 2 of the Indictment and 240 months at Count 3 of the Indictment, to be served concurrently for a total of 324 months. No sentence was imposed at Count 4 because it was a lesser included offense of Count 3 and merged for sentencing purposes. (ECF 126)

Significantly, the Defendant has not been incarcerated at all times m since his initial arrest on October 1, 2009. He made his initial appearance on October 2, 2009 and was detained. However, on October 5, 2009 the Government withdrew its request for detention and the Defendant was released on a $50,000 unsecured bond with pretrial supervision. Because the Defendant was a resident of California, supervision was transferred to the Southern District of California. A Petition for Action of Pretrial Release was filed, alleging that the Defendant failed to abide by the terms of supervised release, which included computer monitoring. On February 16, 2010, Magistrate Judge Lisa Pupo Lenihan continued the Defendant on bond with the original conditions of supervision to remain imposed. (R. 30) The Defendant was scheduled to appear for a Waiver and Plea hearing in the Western District of Pennsylvania at Docket No. 10-178 on October 1, 2010 but failed to appear.[1] He remained a fugitive for approximately 18 months. The Federal Bureau of Investigation ("FBI") determined that the Defendant had dropped off a rental car at the airport but did not board the plane to travel from California to Pittsburgh. Ultimately, the Defendant was apprehended on May 26, 2011 in Vancouver, Canada by the Vancouver Police Department in connection with an investigation into a child luring offense. He has served less than half of his sentence and his projected release date is in 2034.

---

[1] Docket No. 10-178 was terminated and the Defendant was prosecuted at Docket No. 11-133.

### III. Analysis

Prior to the passage of the First Step Act, only the Director of the Bureau of Prisons could seek a reduction of sentence. *United States v. Handerhan*, 789 Fed. Appx. 924, 925 (3d Cir. 2019). Section 603(b) of the First Step Act, entitled "Increasing the Use and Transparency of Compassionate Release," permitted prisoners the right to file compassionate release motions with the court "so long as they first ask the BOP to file a motion on their behalf and then either exhaust the BOP's administrative appeal process or wait 30 days, whichever comes first." *United States v. Somerville*, 12cr225, 2020 WL 2781585, at * 2 (W.D. Pa. May 29, 2020), *citing* 18 U.S.C. § 3582(c)(1); First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (2018). The First Step Act thus  empowers criminal defendants to request compassionate release for "extraordinary and compelling reasons." 18 U.S.C § 3582(c)(1)(A)(i). The statute provides that:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that—
>
> > (1) in any case—
> >
> > > (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> > >
> > > > (i)     extraordinary and compelling reasons warrant such a reduction….
> > > >
> > > > And that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission….

18 U.S.C. §3582(c)(1)(A).

The Defendant's Motion fails to meet the requirements of § 3582(c)(1)(A) for several reasons. First, there is no evidence that the Defendant exhausted his administrative remedies. I

recognize that, if more than 30 days have lapsed since a defendant's request to a warden, regardless of whether the warden responds, no further exhaustion is required. Yet the Defendant has not supplied evidence that he made any such request. His bare assertion is insufficient. The Government avers that the Bureau of Prisons ("BOP") has no record of a formal or informal sentence reduction request. (ECF 197, p. 2 n. 1) This failure to exhaust requires denial of the Motion.

Even accepting the Defendant's assertion that he exhausted administrative remedies, for purposes of argument only, I would deny the Motion. The Sentencing Commission issued a policy statement related to § 3582(c)(1)(A). It provides, in part, that: "the court may reduce a term of imprisonment … if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that – (1)(A) extraordinary and compelling reasons warrant the reduction; … (2) the defendant is not a danger to the safety of any other person or to the community…; and (3) the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

The Application Notes to the policy statement recognize that "extraordinary and compelling reasons" may exist based upon the defendant's medical condition; the defendant's age; or the defendant's family circumstances. U.S.S.G. 1B1.13, Cmt., App. Note 1.  Here the Defendant contends that his age and medical condition, including chronic bronchitis and systemic arthritis, satisfies this requirement. I disagree. Apparently, the Defendant already tested positive for COVID-19 at the end of June and has recovered. (ECF 193, p. 3) There is no indication that he suffered from complications of any kind. Consequently, any risk to the Defendant that COVID-19 poses is, therefore, minimized. *See United States v. Lavatai*, 2020 WL 427528, at * 3 (D. Hawaii July 24, 2020) ("the combination of Lavatai's lack of complications after testing positive and the possibility that he may have some form of immunity cannot be entirely ignored in any evaluation of whether there are extraordinary and compelling reasons warranting a reduction in his sentence."); *United States v. Kreitzman*, 2020 WL 4368191, at  *3 (N.D. Cal. July 30, 2020)

4

("Krietzman's infection, and recovery, from COVID-19 is not a medical condition that qualifies as an 'extraordinary and compelling reason' … to modify his sentence."); *United States v. Kelley*, 2020 WL 2747887 (N.D. Cal. May 27, 2020) (denying compassionate release to a defendant who already recovered from COVID-19). Additionally, the Centers for Disease Control ("CDC") does not list "chronic bronchitis" or "systemic arthritis" as conditions which place an individual at increased risk of severe illness from COVID-19. *See*, cdc.gov/cornovairus/2019-ncov/need-extra-precuations/people-with-medical-conditions.html    Further, there is no indication that the Defendant is unable to provide self-care. See U.S.S.G. § 1B1.13, Application Note 1.

Nor am I convinced by the Defendant's alternative argument that family conditions merit compassionate release. The Defendant represents that, since his sentencing, his wife has become disabled. (ECF 181) He alleges that she suffers from dementia and that he is the only living relative willing to provide care. Yet the facts set forth in the Presentence Report indicated that the Defendant and his wife were separated prior to his incarceration. Indeed, it does not appear that he had any contact with his wife following his fleeing to Canada in 2011. See PSR, paragraph 57, 59 (ECF 110) This Court is unwilling to release the Defendant so that he can provide care to an individual with whom he has not had any contact for approximately ten years and who is, by his own averments, incapacitated.

Finally, even if I were to find that the Defendant has demonstrated extraordinary and compelling reasons warranting a reduction in sentence, I would deny the Motion. The Defendant remains a danger to the community. He has a significant criminal history involving sexual exploitation crimes against minors. His actions were not limited to child pornography. Indeed, he traveled from California to Pittsburgh in order to engage in sexual acts with a minor. The Defendant avers that, at age 74, he is "in the class of prisoners least likely to recidivate." (ECF 181, p. 9) I reject this assertion. The Defendant was engaging in criminal activity in his mid-60s and across multiple countries. Consequently, I am not confident that he will not recidivate if released. Additionally, the fact that the Defendant remained a fugitive for approximately 18

months while charges were pending weighs heavily against release. The danger he presents would not be mitigated by his "release plan." That plan is to reside with and care for an individual who is incapacitated because of dementia. His wife could not monitor his behavior. Further, he has already demonstrated a willingness to flee this country. Consequently, I am not convinced that supervised release would be an effective means of monitoring the Defendant's behavior.

Additionally, consideration of the factors set forth in section 3553(a) do not warrant a reduction in the Defendant's sentence. As previously stated, the underlying criminal conduct is extremely serious and targets vulnerable individuals. The Defendant has shown a willingness to continue to engage in criminal activity while on bond. A reduction in sentence to time served would fail to account for the serious nature of the crimes he committed. The application of the considerations set forth in § 3553(a), on balance, weigh against granting the pending Motion. A court must impose a sentence that is sufficient, but not greater than necessary. The original sentence imposed met this requirement.  These factors compel me to find that the original sentence imposed remains necessary.

THEREFORE,  this 3rd day of August, 2020, it is ordered that Defendant's Motion for A Reduction in Sentence (ECF 181, 193) is DENIED.

BY THE COURT:

Donetta W. Ambrose
United States Senior District Judge